*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 3, 2016          520972
                                                521386
                                                521973
_____

In the Matter of the Claim of
   MICHAEL SARBO,
                    Respondent,

        v

TRI-VALLEY PLUMBING & HEATING          MEMORANDUM AND ORDER
   et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:   September 14, 2016

Before:  McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.

_____

        William O'Brien, State Insurance Fund, Albany (Edward
Obertubbesing of counsel), for appellants.

        Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan
G. Quinn of counsel), for Michael Sarbo, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

_____

Lynch, J.

Appeals (1) from a decision of the Workers' Compensation Board, filed August 8, 2014, which ruled, among other things, that claimant sustained a permanent partial disability and a 60% loss of wage-earning capacity, and (2) from two amended decisions of said Board, filed July 10, 2015 and October 29, 2015, which, upon reconsideration, among other things, clarified the Board's prior decision.

In August 2010, claimant, a sheet metal installer, sustained a compensable work-related injury to his back. After a hearing in February 2011, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant's average weekly wage before the injury was $1,302.86. Claimant did not return to work. Following a hearing in October 2013, a WCLJ adopted an independent medical examiner's determination that claimant had a permanent partial class 3, severity B impairment (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity, table 18.1 [2012]). Based on that impairment, the WCLJ found that claimant had a wage-earning capacity of 50% (see Workers' Compensation Law § 15 [5-a]) and, after considering that claimant was 43 years old, had an eleventh grade education and had only worked as a manual laborer, determined that claimant had a loss of wage-earning capacity of 55% (see Workers' Compensation Law § 15 [3] [w]). Claimant was awarded continuing payments at a rate of $434.29 per week for a period not to exceed 350 weeks (see Workers' Compensation Law § 15 [3] [w] [viii]).

In a sequence of three decisions, culminating in its October 2015 amended decision, the Workers' Compensation Board modified the award by increasing claimant's loss of wage-earning capacity to 60%, while reducing his wage-earning capacity to 40%. In so doing, the Board concluded that vocational factors could be considered in fixing claimant's wage-earning capacity under Workers' Compensation Law § 15 (5-a). As a result, claimant's weekly rate was raised to $521.14. The employer and its workers' compensation carrier have appealed all three Board decisions.

The sole issue on this appeal is whether the Board was authorized to consider vocational factors in fixing claimant's wage-earning capacity for purposes of computing the rate of compensation.[1]  For the reasons set forth in <u>Matter of Rosales v Eugene J. Felice Landscaping</u> (___ AD3d ___ [decided herewith]), we conclude that the Board was so authorized and that there was substantial evidence to support the Board's determination that claimant had a wage-earning capacity of 40%.

McCarthy, J.P., Rose, Devine and Mulvey, JJ., concur.


ORDERED that the decision and amended decisions are affirmed, without costs.


ENTER:


Robert D. Mayberger
Clerk of the Court

_____

[1]  In his brief, claimant advises that he returned to work on or about March 31, 2014 and that the award from that point forward has been calculated based on his actual earnings (<u>see</u> Workers' Compensation Law § 15 [5-a]).  As such, the issue here narrows to the proper rate of compensation for the period from October 1, 2013 to October 31, 2014.